## Case No. 14,559.

UNITED STATES v. BEEF SLOUGH MANUFACTURING, BOOMING, LOG-DRIVING & TRANSPORTATION CO. et al.

[8 Biss. 421.] [1]

Circuit Court, W. D. Wisconsin. Feb., 1879.

NAVIGABLE RIVERS—OBSTRUCTIONS—USE OF STREAM.

1. In the absence of specific legislation by congress, the regulation of a navigable stream is left entirely with the state, and the government cannot by bill or information prevent or abate any obstruction.

[Cited in Huse v. Glover, 15 Fed. 296.]

2. Where congress has passed acts for the survey and improvement of a navigable river, the court will not interfere with the existing use of the stream, unless it clearly appears that the acts complained of necessarily interfere with the operation of such legislation.

Information and bill in chancery to abate the works of the Beef Slough Company, above the mouth of the Chippewa river in Wisconsin; and to prevent the running and driving of logs in said river. Defendants filed a demurrer.

W. F. Vilas and L. S. Dixon, for the United States.

Thos. Wilson and S. U. Pinney, for defendants.

Before DRUMMOND, Circuit Judge, and BUNN, District Judge.

DRUMMOND, Circuit Judge. The controversy in this case arose on a demurrer to the amended bill of the plaintiffs. The case was argued before me some time since on a demurrer to the original bill, and the demurrer sustained, with leave given to amend. Accordingly an amended bill has been filed, and a demurrer has been again interposed, and the question is as to the sufficiency of this amended bill. The case, as it was originally presented to the court, has been, to a very great extent, re-argued, and the court has been called upon to reconsider its ruling upon the original bill.

On reconsideration of the case, we see no good reason to change the ruling which was originally made. The bill proceeds upon this theory on the part of the government: That the Chippewa river is a navigable stream, made so by acts of congress, and that the defendants have placed obstructions in that river under the laws of the state, or by their own wrongful acts, without authority from the state. The original question was, admitting that the Chippewa river was a navigable river, free to all persons under the acts of congress, whether, in the absence of any specific legislation upon the subject, the government could by bill or information, prevent persons from obstructing the navigation of the river, either under the authority of the state, or without such authority.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Independently of some acts of congress which will be hereafter referred to there was no specific legislation in relation to the Chippewa river. There was no act of congress which provided in what manner bridges, draws or booms should be constructed or placed, or how any of the various structures which may affect in a greater or less degree, the navigation of the river, should be built; and the rule in all such cases is, in the absence of specific legislation on the part of congress, that the matter is left entirely to the states, and so as to this river, to the state of Wisconsin. Undoubtedly congress has the power to legislate as to all rivers navigable in fact, but not having done so, the court held before, and holds now, that the government cannot interfere by information or by bill in chancery, either to abate or to prevent any obstructions to the navigation of the river.

We think, therefore, that the original ruling upon this subject was correct, and that the only thing that can change it is direct action on the part of congress. Whenever congress has interfered in such a way as to show clearly that the acts authorized by the state, or done by individuals, and which obstruct the navigation of the river, are hostile to such legislation, undoubtedly it is competent for the government to interfere by a bill in chancery, or by an information to abate the nuisance, if it can be so called, or to prevent the obstruction to the navigation of the river. It was upon this principle that the court acted in the case of the Milwaukee & St. Paul Railroad Company as to the bridge over the Mississippi river near La Crosse. Congress had legislated in relation to bridges across that river, and had declared that they should be constructed only in a particular way, and under the direction of the secretary of war. There was an attempt to construct the bridge across the Mississippi in disregard of the provisions of the act of congress, and the United States filed a bill to prevent this from being done, and the court held that it had jurisdiction on the ground that there was something being done which was forbidden by an act of congress. U. S. v. Milwaukee & St. P. R. Co. [Case No. 15,778].

We do not think that the general features of this bill are changed as to the principles which are involved in the case by the amendments which have been made. The material amendment which has been put in is, that there have been certain acts done under the authority of the laws of congress, with which these obstructions or operations of the defendants may or do interfere. But it will be observed that the allegation in the bill is not of such a character as to warrant the court in assuming that at the time the original bill was filed (from which time alone, of course, we can take our departure upon this subject) there was any such effect produced upon the improvements which were made un-

der the acts of congress, as to warrant the court in interfering.

I will now notice some of these acts of congress. There have been acts passed under which surveys of the Chippewa river have been made, and appropriations have also been made specially for the improvement of the river. So far as the survey of the river has been made, with any money so appropriated, the acts done by the defendants would not be of such a character as to warrant the court in interfering in this way with them. The disbursements have been made under the authority of the war department, and reports have been made by the engineers who have performed the work. We may refer to the last act of congress. Although that act was passed since this bill was filed, still we think we can examine it for the purpose of ascertaining the intention of congress in making these appropriations, and as giving tone to the whole legislation upon that subject, and to show that it was the intention of the act of congress not to interfere with anything that had been done or was being done under the authority of the state in relation to the river. That act declares that nothing therein contained shall affect existing legal or equitable rights on the river, claimed under the laws of the United States, or of the state.

Now this being so, and there being nothing in the bill to bring it clearly within the principle of U. S. v. Duluth [Case No. 15,001], decided by Mr. Justice Miller, we think it cannot on that ground be sustained any more than the other; in other words, it is not shown by the amendments to the bill, that any acts which may have been done, or which are contemplated by the defendants, will interfere so much with what had been done under the authority of acts of congress up to the time this bill was filed as to justify, or to sustain this pleading; either as an information or as a bill in chancery to abate the nuisance, if nuisances have been committed by the defendants. But we think it is shown that most, if not all, of the acts of the defendants have been done under the authority of the state. Booms have been constructed and logs have been permitted to run loose in the river as in other rivers in the state, and if it be true that there has been any violation of the acts of the legislature, either in the construction of booms, or in the manner in which logs are permitted to run, parties who have suffered injury may have their remedy. But that is not the question here. It is whether the government by this information or bill in chancery, can put a stop to these proceedings, or prevent these acts on the part of the defendants.

We think, in order to maintain the bill on the ground that there is an interference, or a threatened interference, that the allegation should be clear and unmistakable, and should show that such a case is made as to warrant the court in putting a stop to those

acts. The question undoubtedly is of very great importance; but it is always competent for congress to interfere. We understand that in the case of Pound v. Turck, 95 U. S. 495, the supreme court of the United States has announced the principle that it is competent for a state even to construct a dam across a navigable stream, in the absence of any special legislation of congress upon that subject, and that case does not make any distinction between the different parts of the river, whether above or below the falls, but speaks of it as a navigable river, and proceeds on that assumption. That being so, and there being no other legislation upon the subject of the Chippewa river, except that appropriations have been made for the purposes of survey, and the improvement of the river, and it not being clearly shown that these acts on the part of the defendants do necessarily interfere in such a way as to prevent the effect of these appropriations under the acts of congress, we must again sustain the demurrer to the amended bill.

See Heerman v. Beef Slough Manuf'g. etc., Co. [1 Fed. 145].